FILED
FEBRUARY 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1198

JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| World Wide Sales, Inc.<br><br>        Plaintiff,<br><br>v.<br><br>Church & Dwight Co., Inc.<br><br>        Defendant. | Civil Action No.<br><br><br><br>Jury Trial Demanded |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND DAMAGES

1.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq*.; 15 U.S.C. § 1114(a); and unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendant's unauthorized use of the mark Fridge Fresh on an odor neutralizing preparation for the refrigerator and/or freezer.

2.      On or about November 1, 2007 Plaintiff World Wide Sales, Inc, (hereinafter referred to as "WWS") contacted Defendant, identifying WWS as the owner of the mark "Forever Fresh for the Fridge" ("the Infringed Mark") as it relates to odor neutralizing preparations for the refrigerator and/or freezer.

3.      Despite Defendant's knowledge of such infringing use, it has continued to market and sell products under the name Fridge Fresh.

### The Parties

4.      Plaintiff World Wide Sales, Inc. is a Michigan corporation having an address of 32685 Rock Ridge, Farmington Hills, MI 48334.

1

5.      On information and belief, Defendant Church & Dwight Co., Inc. (hereinafter "CDC") is a New Jersey Corporation, and its principal place of business is located at 469 N. Harrison Street, Princeton, New Jersey.

## Jurisdiction

6.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this district is proper inasmuch as Defendant has solicited and conducted business within the State of Illinois via online and actual sales of its odor neutralizing products, thereby purposely availing itself of the privilege of acting in the State of Illinois. Likewise, personal jurisdiction is also proper under Illinois' long-arm statute, 735 ILCS 5/2-209, because Defendant regularly does or solicits business in the State of Illinois.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2).

## Factual Background

8.      On August 30, 2002, WWS filed U.S. Trademark Serial No. 78/159,666. The mark was published for opposition on December 9, 2003, and registered on March 4, 2004. A copy of the registration is attached hereto as Exhibit A.

9.      WWS has been actively engaged in marketing and selling odor neutralizing products bearing the mark Forever Fresh for the Fridge for nearly six years.

10.     On information and belief, Church & Dwight Co., Inc. recently started marketing odor neutralizing products under the mark Fridge Fresh.

11.     Before filing this suit, WWS made a request to Defendant to provide appropriate attribution and acknowledgement of WWS's ownership of the Infringed Mark. WWS was ignored and rebuffed.

12.     Defendant's willful actions (1) have the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation; (2) constitute a false designation of the defendant's goods or services by passing them off as being associated with WWS; (3) suggest a non-existent connection with WWS; (4) suggest that WWS has sponsored, licensed or approved of defendant's goods, services, or businesses; and/or (5) could cause the Infringed Mark to become generic in the eyes of the general public and destroy the origin-identifying function of the Infringed Mark.

13.     The Defendant's infringing activities have damaged and continue to damage WWS, especially since WWS markets a superior product in the same industry.

**First Cause Of Action**

**Federal Trademark Infringement**

14.     WWS realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 13 of the Complaint.

15.     Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

16.     WWS's federal registration on the Principal Register for the mark Forever Fresh for the Fridge is conclusive evidence of WWS's exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115.

17.     Defendant's wrongful use of the Infringed Mark and misappropriation of the Infringed Mark for its use in odor neutralizing products are likely to cause confusion as to sponsorship or

authorization by WWS, or alternatively, destroy the origin-identifying function of the Infringed Mark.

18. Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

19. As a proximate result of defendants' actions, WWS has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademark. The injury to WWS is and continues to be ongoing and irreparable.

20. An award of monetary damages alone cannot fully compensate WWS for its injuries and WWS lacks an adequate remedy at law.

21. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

22. WWS is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## Second Cause of Action

### Federal Unfair Competition, False Designation of Origin, Passing Off, and False Advertising

23. WWS realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 22 of the Complaint.

24. WWS's Infringed Mark, as used by WWS in connection with selling odor neutralizing products, is a distinctive mark and has become associated with WWS and thus exclusively identifies WWS's business, products, and services.

25. Because of Defendant's wrongful use of the Infringed Mark and its appropriation of the mark on odor neutralizing products, consumers are deceptively led to believe that Defendant's odor neutralizing products articles originate with or are sponsored by or otherwise approved by WWS, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the Infringed Mark is generic, thus destroying the goodwill and value WWS has built with the Infringed Mark.

26. The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. Defendant's acts, as set forth above, have caused irreparable injury to WWS's goodwill and reputation. The injury to WWS is and continues to be ongoing and irreparable.

28. An award of monetary damages alone cannot fully compensate WWS for its injuries and WWS lacks an adequate remedy at law.

29. WWS is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## Third Cause of Action

### Cancellation of U.S. Registration No. 3,314,199

30. WWS realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 29 of the Complaint.

31. Upon information and belief, Defendant was aware of WWS' mark during the pendency of its trademark application that eventually resulted in U.S. Registration No. 3,314,199.

32. Despite its knowledge of WWS' mark, Defendant failed to notify the United States Patent and Trademark Office of the WWS mark.

33. WWS' mark and Defendant's mark are in the same industry, cover the same type of product, and are confusingly similar. Therefore, Defendant was under an obligation to notify the Trademark Office of the WWS mark.

34. Defendant's failure to notify the Trademark Office is fraud on the Trademark Office, and Defendant's fraud requires that its mark be cancelled.

35. Accordingly, the registration for the Defendant's mark must be cancelled in its entirety, on the grounds that the registration was procured by fraud.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff WWS prays for relief against Defendant:

I. that Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from:

(a) using the Infringed Mark or any variation thereof;

(b) using the Infringed Mark as is relates to odor neutralizing products or related products;

(c) diluting, blurring, passing off or falsely designating the origin of the Infringed Mark, and from injuring WWS's goodwill and reputation;

(d) doing any other act or thing likely to induce the belief that Defendant's businesses, services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by WWS;

      (e) using the Infringed Mark for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with WWS;

II.    that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon WWS within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

III.    that WWS recover its actual damages sustained as a result of Defendant's wrongful actions;

IV.    that WWS recover Defendant's profits made as a result of Defendant's wrongful actions;

V.    that WWS recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times WWS's damages, whichever is greater;

VI.    that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse WWS for its reasonable attorneys' fees;

VII.    that Defendant's U.S. Registration No. 3,314,199 be canceled;

VIII.    that WWS be awarded exemplary damages for Defendant's willful and intentional acts;

IX.    that WWS recover its costs of court; and

X.    that WWS recover such further that the Court deems just and proper under the circumstances.

**Plaintiff demands a jury trial** on all issues so triable.

Respectfully submitted,

World Wide Sales, Inc., Plaintiff,

Date: <u>February 27, 2008</u>

<u>/s/Christopher E. Haigh</u>
Christopher E. Haigh
Indiana Bar No. 22038-49
2038 N. Clark, #105
Chicago, Illinois  60614
(312) 242-1685
(312) 277-9002  Facsimile

<u>/s/Geoffrey A. Baker</u>
Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

Attorneys for Plaintiff World Wide Sales, Inc.