**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **World Wide Sales, Inc.** | ) | |
| a Michigan Corporation, | ) | |
| | ) | **Case No. 08C 1198** |
| Plaintiff, | ) | |
| **v.** | ) | **Hon. Judge Kennelly** |
| | ) | **Magistrate Judge Brown** |
| **Church & Dwight Co., Inc.** | ) | |
| a New Jersey Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM

1.     This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; 15 U.S.C. § 1114(a); and unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendant's unauthorized use of the mark Fridge Fresh on an odor neutralizing preparation for the refrigerator and/or freezer.

**ANSWER:**  Defendant admits that Plaintiff filed this action for purported trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; 15 U.S.C. § 1114(a); and unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).  Defendant denies the remaining allegations of Paragraph 1.

2.     On or about November 1, 2007 Plaintiff World Wide Sales, Inc. (hereinafter referred to as "WWS") contacted Defendant, identifying WWS as the owner of the mark "Forever Fresh for the Fridge" ("the Infringed Mark") as it relates to odor neutralizing preparations for the refrigerator and/or freezer.

**ANSWER:**  Denied.

3.     Despite Defendant's knowledge of such infringing use, it has continued to market and sell products under the name Fridge Fresh.

**ANSWER:** Denied.

### The Parties

4.     Plaintiff World Wide Sales, Inc. is a Michigan corporation having an address of 32685 Rock Ridge, Farmington Hills, MI 48334.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies those allegations.

5.     On information and belief, Defendant Church & Dwight Co., Inc. (hereinafter "CDC") is a New Jersey corporation, and its principal place of business is located at 469 N. Harrison Street, Princeton, New Jersey.

**ANSWER:** Admitted.

### Jurisdiction

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b).  Personal jurisdiction in this district is proper inasmuch as Defendant has solicited and conducted business within the State of Illinois via online and actual sales of its odor neutralizing products, thereby purposely availing itself of the privilege of acting in the State of Illinois.  Likewise, personal jurisdiction is also proper under Illinois' long-arm statute, 735 ILCS 5/2-209, because Defendant regularly does or solicits business in the State of Illinois.

**ANSWER:** Defendant admits that this Court has jurisdiction over the subject matter of this action.  Defendant denies the remaining allegations of Paragraph 6.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2).

**ANSWER:** Defendant states that, though venue is proper in this district, venue should be transferred to New Jersey because New Jersey is a more appropriate and convenient forum. Defendant denies the remaining allegations of Paragraph 7.

### Factual Background

8.    On August 30, 2002, WWS filed U.S. Trademark Serial No. 78/159,666.  The mark was published for opposition on December 9, 2003, and registered on March 4, 2004.  A copy of the registration is attached hereto as Exhibit A.

**ANSWER:**  Defendant admits that Plaintiff filed U.S. Trademark Serial No. 78/159,666 on August 30, 2002, and that the application was published for opposition on December 9, 2003. Defendant denies the remaining allegations of Paragraph 8.

9.    WWS has been actively engaged in marketing and selling odor neutralizing products bearing the mark Forever Fresh for the Fridge for nearly six years.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies those allegations.

10.    On information and belief, Church & Dwight Co., Inc. recently started marketing odor neutralizing products under the mark Fridge Fresh.

**ANSWER:**  Defendant admits that it first made use in commerce of its FRIDGE FRESH mark in 2006.  Defendant denies the remaining allegations of Paragraph 10.

11.    Before filing this suit, WWS made a request to Defendant to provide appropriate attribution and acknowledgement of WWS's ownership of the Infringed Mark.  WWS was ignored and rebuffed.

**ANSWER:** Defendant admits that it was contacted by Plaintiff regarding its use of the trademark FRIDGE FRESH prior to Plaintiff's filing this suit. Defendant denies the remaining allegations of Paragraph 11.

12.     Defendant's willful actions (1) have the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation; (2) constitute a false designation of the defendant's goods or services by passing them off as being associated with WWS; (3) suggest a non-existent connection with WWS; (4) suggest that WWS has sponsored, licensed or approved of defendant's goods, services or businesses; and/or (5) could cause the Infringed Mark to become generic in the eyes of the general public and destroy the origin-identifying function of the Infringed Mark.

**ANSWER:** Denied.

13.     The Defendant's infringing activities have damaged and continue to damage WWS, especially since WWS markets a superior product in the same industry.

**ANSWER:** Denied.

### First Cause Of Action

### Federal Trademark Infringement

14.     WWS realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 13 of the Complaint.

**ANSWER:** Defendant reasserts its answers to Paragraphs 1 through 13 as though fully set forth herein.

15.     Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:** Denied.

16.     WWS's federal registration on the Principal Register for the mark Forever Fresh for the Fridge is conclusive evidence of WWS's exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115.

**ANSWER:** Denied.

17.     Defendant's wrongful use of the Infringed Mark and misappropriation of the Infringed Mark for its use in odor neutralizing products are likely to cause confusion as to sponsorship or authorization by WWS, or alternatively, destroy the origin-identifying function of the Infringed Mark.

**ANSWER:** Denied.

18.     Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:** Denied.

19.     As a proximate result of defendants' [sic] actions, WWS has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademark. The injury to WWS is and continues to be ongoing and irreparable.

**ANSWER:** Denied.

20.     An award of monetary damages alone cannot fully compensate WWS for its injuries and WWS lacks an adequate remedy at law.

**ANSWER:** Denied.

21.     The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**ANSWER:** Denied.

22.    WWS is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

**ANSWER:**  Denied.

<u>**Second Cause of Action**</u>

**Federal Unfair Competition, False Designation of Origin, Passing Off, and**

**False Advertising**

23.    WWS realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 22 of the Complaint.

**ANSWER:**  Defendant reasserts its answers to Paragraphs 1 through 22 as though fully set forth herein.

24.    WWS's Infringed Mark, as used by WWS in connection with selling odor neutralizing products, is a distinctive mark and has become associated with WWS and thus exclusively identifies WWS's business, products, and services.

**ANSWER:**  Denied.

25.    Because of Defendant's wrongful use of the Infringed Mark and its appropriation of the mark on odor neutralizing products, consumers are deceptively led to believe that Defendant's odor neutralizing products articles originate with or are sponsored by or otherwise approved by WWS, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the Infringed Mark is generic, thus destroying the goodwill and value WWS has built with the Infringed Mark.

**ANSWER:**  Denied.

26.     The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Denied.

27.     Defendant's acts, as set forth above, have caused irreparable injury to WWS's goodwill and reputation. The injury to WWS is and continues to be ongoing and irreparable.

**ANSWER:** Denied.

28.     An award of monetary damages alone cannot fully compensate WWS for its injuries and WWS lacks an adequate remedy at law.

**ANSWER:** Denied.

29.     WWS is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

**ANSWER:** Denied.

### Third Cause of Action

### Cancellation of U.S. Registration No. 3,314,199

30.     WWS realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 29 of the Complaint.

**ANSWER:** Defendant reasserts its answers to Paragraphs 1 through 29 as though fully set forth herein.

31.     Upon information and belief, Defendant was aware of WWS' mark during the pendency of its trademark application that eventually resulted in U.S. Registration No. 3,314,199.

**ANSWER:** Denied.

32.    Despite its knowledge of WWS' mark, Defendant failed to notify the United States Patent and Trademark Office of the WWS mark.

**ANSWER:** Denied.

33.    WWS' mark and Defendant's mark are in the same industry, cover the same type of product, and are confusingly similar.  Therefore, Defendant was under an obligation to notify the Trademark Office of the WWS mark.

**ANSWER:** Denied.

34.    Defendant's failure to notify the Trademark Office is fraud on the Trademark Office, and Defendant's fraud requires that its mark be cancelled.

**ANSWER:** Denied.

35.    Accordingly, the registration for the Defendant's mark must be cancelled in its entirety, on the grounds that the registration was procured by fraud.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSE - LACHES

1.      On November 1, 2006, Plaintiff sent Defendant a letter claiming that confusion was likely between Plaintiff's FOREVER FRESH FOR THE FRIDGE mark and Defendant's FRIDGE FRESH mark.  In that letter, Plaintiff demanded that Defendant stop using the mark FRIDGE FRESH.

2.      On November 14, 2006, Defendant responded to Plaintiff's November 1, 2006 letter, by explaining why confusion was unlikely between the parties' respective trademarks. Defendant also told Plaintiff that it would not stop using the mark FRIDGE FRESH.

3.      Plaintiff never responded to Defendant's letter of November 14, 2006.

4.      On January 9, 2007, Defendant's application to register the trademark FRIDGE FRESH was published for opposition in the *Official Gazette* of the United States Patent and Trademark Office.  No one, including Plaintiff, opposed Defendant's application.  Accordingly, on October 16, 2007, the United States Patent and Trademark Office issued Reg. No. 3,314,199 to Defendant for the trademark FRIDGE FRESH.

5.      Plaintiff did not file this lawsuit until February 27, 2008, over fifteen months after its communications with Defendant.

6.      Plaintiff's delay in filing suit has prejudiced Defendant, in that Defendant has continued building goodwill in its FRIDGE FRESH mark in the belief that Plaintiff had abandoned its objection.

**COUNTERCLAIM TO RECTIFY U.S. TRADEMARK REGISTER
FOR TRADEMARK REGISTRATION NO. 2,819,639**

Defendant brings this counterclaim to stop Plaintiff from further deceiving this Court and the public.  In obtaining the trademark registration it now asserts, Plaintiff told the United States Patent and Trademark Office that Plaintiff was not claiming exclusive rights to the terms "FRESH" and "FOR THE FRIDGE."  Based in part on this declaration, the Patent and Trademark Office issued a registration to Plaintiff for its FOREVER FRESH FOR THE FRIDGE trademark.  Due to an apparent clerical error, however, Plaintiff's registration certificate does not reflect its disclaimer of "FRESH" and "FOR THE FRIDGE."  Plaintiff did not correct the certificate, as it could have done under 15 U.S.C. § 1057(g).  Instead, Plaintiff chose to take advantage of this Trademark Office mistake to assert rights in the terms "fresh" and "fridge", over which it has previously told the federal government it does not claim rights.

In support of this counterclaim, Defendant alleges as follows:

1.     On August 30, 2002, Plaintiff filed an application to register the trademark FOREVER FRESH FOR THE FRIDGE with the United States Patent and Trademark Office.  This application was assigned Application Serial No. 78/159,666.

2.     On February 19, 2003, an Examining Attorney for the United States Patent and Trademark Office issued an Office Action requiring, *inter alia*, that Plaintiff disclaim exclusive rights to the words "FRESH" and "FOR THE FRIDGE".  Attached hereto as Exhibit A is a true and correct copy of the February 19, 2003 Office Action issued by the United States Patent and Trademark Office for Plaintiff's Application Serial No. 78/159,666.

3.     In its March 13, 2003 response to the Office Action, Plaintiff agreed to this disclaimer, and stated, in part, that "no claim is made to the exclusive right to use the words

'fresh' and 'for the fridge . . . . '" Attached hereto as Exhibit B is a true and accurate copy of Plaintiff's March 13, 2003 Office Action response.

4.      On March 2, 2004, the United States Patent and Trademark Office issued Plaintiff a registration for FOREVER FRESH FOR THE FRIDGE, Reg. No. 2,819,639.  Plaintiff's disclaimer of exclusive rights in "fresh" and "for the fridge" was inadvertently excluded from the certificate for Registration No. 2,819,639.

5.      On information and belief, Plaintiff made no effort to inform the U.S. Patent and Trademark Office of this error or to correct the registration.

6.      Plaintiff is currently alleging claims of trademark infringement and unfair competition against Defendant's use of its FRIDGE FRESH mark, due to Church & Dwight's use of the terms "FRIDGE" and "FRESH" in its trademark.

7.      Accordingly, continued registration by Plaintiff of the aforesaid registration, without the required disclaimer of the descriptive wording "FRESH" and "FOR THE FRIDGE", damages Defendant.

WHEREFORE, Defendant requests that this Court

1.      Grant judgment for Defendant on all claims asserted by Plaintiff;

2.      Order the Commissioner of Trademarks for the United States Patent and Trademark Office to rectify the Register to indicate disclaimer of the wording "FRESH" and "FOR THE FRIDGE" for U.S. Trademark Reg. No. 2,819,639, in accordance with 15 U.S.C. §§ 1057(g) and 1119;

3.      Order Plaintiff to take steps necessary to correct the Register in accordance with 15 U.S.C. § 1057(g);

4.    Award Defendant its costs and attorneys' fees incurred in the action in accordance

with 15 U.S.C. § 1117; and

5.    Grant such other relief as this Court deems just.


DATED: April 7, 2008                    Respectfully submitted,

                                        PATTISHALL, McAULIFFE, NEWBURY,
                                         HILLIARD & GERALDSON LLP


                                        By:    _____
                                               Raymond I. Geraldson, Jr. (0937649)
                                               Bradley L. Cohn (6224692)
                                               311 South Wacker Drive, Suite 5000
                                               Chicago, Illinois  60606
                                               (312) 554-8000

                                               Attorneys for Defendant,
                                               Church & Dwight Co., Inc.

## CERTIFICATE OF SERVICE

I, Bradley L. Cohn, hereby certify that a true copy of the foregoing **ANSWER AND COUNTERCLAIM** was served by hand delivery and by first class mail, postage prepaid, this 7th day of April, 2008 upon the following:

> Christopher E. Haigh
> 2038 N. Clark, #105
> Chicago, Illinois 60614

and by first class mail, postage prepaid, this 7th day of April, 2008 upon the following:

> Geoffrey A. Baker
> DOWELL BAKER, P.C.
> 229 Randolph Street
> Oak Park, IL 60302

# EXHIBIT A

| | |
|---|---|
| **To:** | World Wide Sales, Inc. (brandonb@krflaw.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78159666 - FOREVER FRESH FOR THE FRIDGE - N/A |
| **Sent:** | 2/19/03 11:11:32 PM |
| **Sent As:** | ECom104 |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/159666

**APPLICANT:**          World Wide Sales, Inc.

**CORRESPONDENT ADDRESS:**             **RETURN ADDRESS:**
Brandon K. Buck                        Commissioner for Trademarks
Kasiborski, Ronayne and Flaska, PC     2900 Crystal Drive
535 Griswold                           Arlington, VA 22202-3513
Suite 1900                             **ecom104@uspto.gov**
Detroit MI 48226


**MARK:**     FOREVER FRESH FOR THE FRIDGE

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A          Please provide in all correspondence:

**CORRESPONDENT EMAIL ADDRESS:**
brandonb@krflaw.com

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.


## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**


Serial Number  78/159666

The assigned examining attorney has reviewed the referenced application and determined the following:


Search of Office Records

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

Drawing

I.  The drawing is not acceptable because it will not reproduce satisfactorily.  The applicant must submit a new drawing showing the mark clearly and conforming to 37 C.F.R. §2.52.  TMEP §807.07(a).

The requirements for a special#form drawing are as follows:

(1) The drawing must appear in black and white; no color is permitted.

(2) **Every line and letter must be black and clear.[1]**

(3) The use of gray to indicate shading is unacceptable.

(4) The lining must not be too fine or too close together.

(5) The preferred size of the area in which the mark is displayed is 2½ inches (6.1 cm.) high and 2½ inches (6.1 cm.) wide.  It should not be larger than 4 inches (10.3 cm.) high or 4 inches (10.3 cm.) wide.

(6) If the reduction of the mark to the required size renders any details illegible, the applicant may insert a statement in the application to describe the mark and these details.

37 C.F.R. §2.52; TMEP §§807.01(b) and 807.07(a).  The Office will enforce these drawing requirements strictly.

The Office prefers that the drawing be depicted on a separate sheet of smooth, nonshiny, white paper 8 to 8½ inches (20.3 to 21.6 cm.) wide and 11 inches (27.9 cm.) long, and that the sheet contain a heading listing, on separate lines, the applicant's complete name; the applicant's address; the goods or services recited in the application; and, if the application is filed under Section 1(a) of the Act, the dates of first use of the mark and of first use of the mark in commerce; or, if the application is filed under Section 44(d), the priority filing date of the foreign application.  37 C.F.R. §2.52(b); TMEP

§§807.01(a), 807.01(b), 807.01(c) and 807.07(a).

II.   If the wording "ELIMINATES REFRIGERATOR ODORS, KEEPS FRUITS, VEGETABLES AND CHEESE FRESHER LONGER" is not intended to be part of the mark, the applicant should delete this from the drawing.  TMEP §§807.04 and 807.15.

III.  The stippling shown in the drawing appears to be a feature of the mark and not intended to indicate color.  The applicant must insert a statement to that effect.  37 C.F.R. §2.37; TMEP §807.09(e).

Disclaimer of Descriptive Wording

The applicant must disclaim the descriptive wording "FRESH" and "FOR THE FRIDGE" and "ELIMINATES REFRIGERATOR ODORS, KEEPS FRUITS, VEGETABLES AND CHEESE FRESHER LONGER"[2] apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer.   TMEP §1213.08(a)(i).  A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use "FRESH" and "FOR THE FRIDGE" and "ELIMINATES REFRIGERATOR ODORS, KEEPS FRUITS, VEGETABLES AND CHEESE FRESHER LONGER" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

Informational

Fee increase effective January 1, 2003

Effective January 1, 2003, the fee for filing an application for trademark registration increased to **$335.00** per International Class.  The USPTO will not accord a filing date to applications that are filed on or after that date that are not accompanied by a minimum of $335.00.  Additionally, the fee for amending an existing application to add an additional class or classes of goods/services is $335.00 per class for classes added on or after January 1, 2003.

Whether applicant chooses to respond via regular mail or electronic mail, applicant should submit its response using only *one* of these means of communication.  Duplicate responses will delay the prosecution of the application.

Customers can electronically change the correspondence address on any trademark/service mark application or registration that is *currently active* with the Office by using the web-based TEAS (Trademark Electronic Application System) form. For further information, visit http://www.uspto.gov/web/trademarks/tmchangeaddress.htm.

The Third Edition of the Trademark Manual of Examining Procedure (TMEP) is now posted on the USPTO web site.  This revised TMEP, which replaces all previous editions, can be accessed at http://www.uspto.gov/web/offices/tac/tmep.

/Matthew J. Pappas/
Trademark Examining Attorney
Law Office 104
703/308-9104 ext. 126
ecom104@uspto.gov (formal responses)
matthew.pappas@uspto.gov (informal)

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

---

[1] The wording "ELIMINATES REFRIGERATOR ODORS, KEEPS FRUITS, VEGETABLES AND CHEESE FRESHER LONGER" in the drawing is barely legible.
[2] If the wording "ELIMINATES REFRIGERATOR ODORS, KEEPS FRUITS, VEGETABLES AND CHEESE FRESHER LONGER" is not included in applicant's amended drawing, applicant need not disclaim it.

# EXHIBIT B

**KASIBORSKI, RONAYNE & FLASKA**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
1900 BUHL BUILDING
535 GRISWOLD
DETROIT, MICHIGAN 48226-3686

TELEPHONE (313) 961-1900

TELECOPIER (313) 961-1556

Info@KRFLaw.com

03-17-2003
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #6.

CHESTER E. KASIBORSKI, JR.
JOHN J. RONAYNE, III
KENNETH A. FLASKA
JOSEPH J. BERNARDI
BRANDON K. BUCK
KRISTINE McKIMSON RENKE

OF COUNSEL
CHESTER KASIBORSKI
L. JEAN BENOIT

March 13, 2003

Mr. Matthew J. Pappas
Trademark Examining Attorney
Commission for Tradmarks
Law Office 104
2900 Crystal Drive
Arlington, VA 22202-3513

Re:  78/159666 Forever Fresh for the Fridge

Dear Mr. Pappas:

The following is in response to Office Action No. 01:

I.    _Drawing_ - 2 hard copies of Applicant's drawing are enclosed to conform with 37 CFR § 2.52.  You indicated that our electronic drawing was not acceptable because it would not reproduce satisfactorily.

II.  _Wording on Drawing_ - The wording "eliminates refrigerator odors, keeps fruits, vegetables and cheese fresher longer" have been deleted from the amended drawing enclosed.

III.  _Stippling Effect on Drawing_ - The stippling effect contained in the rectangular box enclosing the words "eliminates refrigerator odors, keeps fruits, vegetables and cheese fresher longer" is a feature of the mark and not intended to indicate color.

IV.  _Disclaimer_ - No claim is made to the exclusive right to use the words "fresh" and "for the fridge" and "eliminates refrigerator odors, keeps fruits, vegetables and cheese fresher longer" apart from the mark as shown.

Matthew J. Pappas
March 13, 2003
Page Two

I appreciate your taking time to discuss this matter with me and believe that this letter responds to all of the issues raised in Office Action No. 1.  If not, please contact me immediately.

Very truly yours,

Brandon K. Buck

BKB/kmh
Encls.
cc: Norman Shy