# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**World Wide Sales, Inc.**             )
a Michigan Corporation,               )
                                      )          **Case No. 08C 1198**
                     Plaintiff,       )
          **v.**                      )          **Hon. Judge Kennelly**
                                      )          **Magistrate Judge Brown**
**Church & Dwight Co., Inc.**          )
a New Jersey Corporation,             )
                                      )
                     Defendant.       )

## DEFENDANT'S MEMORANDUM
## <u>IN SUPPORT OF MOTION TO TRANSFER VENUE</u>

**I.**      **<u>INTRODUCTION</u>**

> This is an action for purported trademark infringement and unfair competition. The plaintiff, World Wide Sales, Inc. ("WWS"), is a Michigan corporation located in Farmington Hills, Michigan.  Defendant, Church & Dwight Co., Inc. ("Church & Dwight"), is a New Jersey corporation with its principal place of business in Princeton, New Jersey.  WWS claims that its rights in the mark FOREVER FRESH FOR THE FRIDGE are being infringed by Church & Dwight's use of the mark FRIDGE FRESH.

> As discussed below, this District has no material connection to either the parties or the central activities that gave rise to this lawsuit.  It appears the only reason the lawsuit was filed here was because Plaintiff's counsel is located here.  Thus, for the convenience of the parties and witnesses, the Court should transfer this action to New Jersey.

285447v4

## II.    <u>STATEMENT OF FACTS</u>

As noted above, WWS is a Michigan corporation located in Farmington Hills, Michigan.  Complaint ¶ 4.  Church & Dwight is a New Jersey corporation with its principal place of business in Princeton, New Jersey.  Complaint ¶ 5.  WWS claims that it uses the trademark FOREVER FRESH FOR THE FRIDGE for odor neutralizing products.  Complaint ¶ 9.

Church & Dwight markets and sells its FRIDGE FRESH product, a refrigerator air filter, throughout the United States, and directs this national marketing and sales effort from its headquarters located in Princeton, New Jersey.  Declaration of Bryan Harpine ("Harpine Decl.) ¶ 3.  Church & Dwight selected the trademark FRIDGE FRESH in its New Jersey headquarters, and oversaw the filing and prosecution of its application to register the FRIDGE FRESH mark from those headquarters.  Harpine Decl. ¶ 5.  Accordingly, the Church & Dwight employees responsible for the selection, adoption, and registration of the FRIDGE FRESH mark, as well as the marketing and sale of FRIDGE FRESH products, are located in Princeton, New Jersey.  Harpine Decl. ¶¶ 6, 7.  Moreover, all of Church & Dwight's records relating to its selection, adoption, and registration of the FRIDGE FRESH mark, and its marketing and sale of the FRIDGE FRESH product, are in New Jersey.  Harpine Decl. ¶ 8.

In addition, there are third-party witnesses located in New Jersey.  For example, Ferrara & Co. Advertising and Marketing, which prepares advertising for the FRIDGE FRESH brand, is located in Princeton, New Jersey.  Harpine Decl. ¶ 9.  Two former Church & Dwight employees who were involved in the development of the FRIDGE FRESH brand are also located in New Jersey: Chris Cortina, a former product manager for FRIDGE FRESH, and Rene Burger, formerly in Church & Dwight's Trade Marketing Group.  Harpine Decl. ¶ 10.

III.    <u>ANALYSIS</u>

A.    **This Case Should be Transferred to the District of New Jersey.**

The Court enjoys broad discretion to transfer this case from its present inconvenient forum to New Jersey, where Church & Dwight is located.  28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witness, in the
> interest of justice, a district court may transfer any
> civil action to any other district or division where
> it might have been brought.

*See also Sassy, Inc. v. Berry,* 406 F. Supp. 2d 874, 875 (N.D. Ill. 2005) ("The decision to transfer is left to the sound discretion of the trial court.").  Transfer of venue is appropriate when the following three requirements are met:  1)  venue is proper in both the transferor and transferee districts; 2) the transfer is for the convenience of the parties and witnesses; and 3) the transfer serves the interests of justice.  *Id.*; *Chukwu v. Air France,* 218 F. Supp. 2d 979, 988 (N.D. Ill. 2002).  Here, all three requirements are met.

1.    <u>Venue is proper in this District and in New Jersey.</u>

a)    **Venue is proper in Chicago.**

While neither party is located in Illinois, venue is technically proper in this District because this action, which is not founded solely on diversity of citizenship, may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(b)(1).

Church & Dwight sells its FRIDGE FRESH products throughout the United States, including in this District.  Thus, for purposes of this motion only, Church & Dwight accepts that it is subject to personal jurisdiction here.

       **b)**     **Venue is proper in New Jersey.**

        Similarly, venue is proper in the District of New Jersey and the case could have been brought there. Church & Dwight is a New Jersey corporation with its principal place of business in New Jersey. Further, a substantial part of the events giving rise to the claims occurred in New Jersey. The decisions concerning Church & Dwight's adoption, registration, marketing, and use of the FRIDGE FRESH mark were made in New Jersey, and its marketing and sales personnel are located in New Jersey. Thus, venue is appropriate in New Jersey. *See* 28 U.S.C. § 1391(b)(1)-(2).

       **2.**    <u>Transfer is convenient for the parties and witnesses.</u>

        Having determined that an action could properly be brought in either the transferor or transferee district, the Court then evaluates the propriety of transfer by next considering the convenience of the parties and witnesses. *See Chukwu,* 218 F. Supp. 2d at 988. Factors in weighing the parties' and witnesses' convenience are: (a) the plaintiff's choice of forum; (b) the situs of the material events; (c) ease of access to sources of proof; (d) availability and cost of obtaining attendance of witnesses; and (e) the convenience of the parties. *Id.* at 988-89; *Yoder v. Ryan,* 318 F. Supp. 2d 601, 605 (N.D. Ill. 2004). Here, all of the convenience factors favor transfer to New Jersey.

       **a)**     **WWS's choice of forum is entitled to little or no deference.**

        Where, as here, a plaintiff chooses to sue in a forum that is neither its home nor the district where the cause of action arose, its choice of forum is entitled to little weight. *Yoder,* 318 F. Supp. 2d at 605 ("where the plaintiff is not a resident of the forum district, [plaintiff's choice of forum] is given no special weight," particularly where "most of the material events did not take place in the forum"). Nor is it relevant that plaintiff is located in Michigan, which is

near Illinois.  *See Interlochen Center for the Arts v. Interlocken Int'l Camp, Inc.,* Case No. 01 C

7082, 2002 U.S. Dist. LEXIS 17298, at *16 (N.D. Ill. Sept. 12, 2002).

   In *Interlochen*, a case remarkably similar to the present one, the plaintiff, a

Michigan corporation, brought a trademark infringement case in this District against defendant, a

New Hampshire corporation.  The Court, in granting the defendant's motion to transfer venue to

New Hampshire, noted that plaintiff's choice of venue did not weigh heavily because Illinois was

not plaintiff's home forum.  2002 U.S. Dist. LEXIS 17298, at *16.

   Here, it seems the only reason WWS sued in this District is that its attorneys are

in the Chicagoland area.  Courts give no weight to the fact that a plaintiff has chosen to sue

where its counsel maintains an office.  *See, e.g., Murphy v. Avon Prods., Inc.*, 88 F. Supp. 2d

851, 853 (N.D. Ill. 1999); *Binz v. Iowa Interstate R.R., Ltd.*, No. 98 C 6381, 1999 WL 90642, at

*3 (N.D. Ill. Feb. 10, 1999) ("the convenience of counsel is not a factor relevant to a Section

1404(a) determination") (citations omitted).

   **b)  New Jersey is the situs of the material events.**

   "Lanham Act cases generally focus on the activities of the alleged infringer, its

employees, and its documents; therefore, the location of the infringer's place of business is often

the critical and controlling consideration."  *Interlochen*, 2002 U.S. Dist. LEXIS 17298, at *16

(quotations omitted).  Here, the "center of gravity" for the alleged trademark infringement is in

the District of New Jersey, where Church & Dwight has its headquarters.  Church & Dwight's

decision to register and use the FRIDGE FRESH mark took place in New Jersey, its sales and

marketing of the FRIDGE FRESH product are directed from New Jersey, and Church &

Dwights's relevant documents and employees are in New Jersey.  In contrast, this forum has no

connection to this dispute.  In such circumstances, cases are routinely transferred to the relevant

forum.  *See, e.g., Internat'l Truck and Engine Corp. v. Dow-Hammond Trucks Co.,* 221 F. Supp.

2d 898, 904 (N.D. Ill. 2002) (venue transferred to California in trademark infringement suit where California was situs of the infringing activity).

      c)      **New Jersey provides relative ease of access to sources of proof.**

All documents related to the selection, adoption, and registration of the FRIDGE FRESH mark, and the marketing and sale of FRIDGE FRESH products, are located in New Jersey. Hence, this factor strongly favors transfer. *Internat'l Truck,* 221 F. Supp. 2d at 904 (finding ease of access to proof favored venue transfer where defendant's activities in requested venue were what led to the dispute).

      d)      **New Jersey is more convenient for witnesses.**

Church & Dwight's employees who will testify as to the selection, adoption, use, and registration of its FRIDGE FRESH mark, as well as the marketing and sale of the FRIDGE FRESH product, are located in New Jersey. Furthermore, there are several third-party witnesses beyond the subpoena power of this Court that are also located in New Jersey.

      e)      **New Jersey is more convenient for the parties.**

In assessing the convenience to the parties in transferring venue, courts have considered the parties' respective residences and their ability to bear the expense of the litigation in a particular forum. *Internat'l Truck,* 221 F. Supp. 2d at 904. Here, neither plaintiff nor defendant are incorporated in Illinois or believed to have a place of business in Illinois. Because neither party resides in the current forum, both parties would be required to bear unnecessary expense if this case were to remain in the Northern District of Illinois.

By comparison, New Jersey is the site of Church & Dwight's headquarters, and the use, marketing, and sale of the allegedly infringing products are directed from these offices in New Jersey. Accordingly, this factor clearly favors a transfer of venue to New Jersey. *See Interlochen*, 2002 U.S. Dist. LEXIS 17298, at *33 (where chosen forum was neither party's

home forum, the court found that granting motion to transfer "arguably reduces the total inconvenience to both parties because it would enable one party to litigate in its own home."); *Internat'l Truck,* 221 F. Supp. 2d at 905 (finding convenience of the parties favored defendant's motion to transfer venue where defendant's business sites and employees were in requested district, and proofs would center around defendant's activities in that district).

3.    <u>Public interest favors transfer to New Jersey.</u>

After considering the convenience of the parties and witness, courts evaluate the public interest in having the case litigated in the transferee or transferor forum. *Chukwu,* 218 F. Supp. 2d at 989. Public interest factors courts consider in deciding a transfer of venue include: (a) the relationship of the community to the issues in the litigation and the desirability of resolving controversies in their locale; (b) the court's familiarity with applicable law; and (c) congestion of the respective dockets and the prospects for earlier trial. *Id.* Here, one of these factors favors transfer to New Jersey, and the other two are neutral.

**a)    New Jersey has a relationship to the litigation and an interest in its resolution.**

Because the FRIDGE FRESH mark was adopted in New Jersey, and Church & Dwight directs the marketing and sales of FRIDGE FRESH products from New Jersey, that state has a strong interest in this action. *See Internat'l Truck,* 221 F. Supp. 2d at 905 (finding factor favored defendant's request to transfer venue where the core issue in the case revolves around activities in the district where venue was sought); *Sassy,* 406 F. Supp. 2d at 877 (finding district to which transfer was granted had an interest in the case because the patent-owner resided in and produced his product within the state). In contrast, neither WWS nor Church & Dwight adopted their respective marks in Illinois, and as neither party is located here, the parties do not direct the marketing and sales of their products from Illinois.

-7-

    **b)**  **New Jersey courts are familiar with trademark cases.**

    The trademark claims underlying WWS's complaint are based on federal law, 15 U.S.C. § 1051 *et seq.* ("the Lanham Act"), for which there is general nationwide uniformity. Thus, the New Jersey courts will be familiar with the applicable law.  Consequently, this factor is neutral.

    **c)**  **Both districts have comparable times from filing to disposition.**

    Federal Court Management statistics for the period ending September 30, 2007, indicate that the median time from filing to disposition in the two courts is nearly the same -- 7.6 months in New Jersey and 6.2 months in the Northern District of Illinois.  Accordingly, this factor is neutral in the transfer determination.

    **B.**  **Transfer to the Court in Trenton, New Jersey, is Appropriate.**

    28 U.S.C. § 110 specifies that New Jersey constitutes one judicial district with Courts in Camden, Newark and Trenton.  Given Trenton's proximity to Defendant's headquarters in Princeton, New Jersey, transfer to the Court in Trenton is appropriate.

**IV.**  <u>**CONCLUSION**</u>

    For the reasons set forth above, the Court should transfer this case to the United States District Court for the District of New Jersey in Trenton, New Jersey.

DATED: April 7, 2008      PATTISHALL, McAULIFFE, NEWBURY,
               HILLIARD & GERALDSON LLP

          By:  <u> /Bradley L. Cohn/    </u>
              Raymond I. Geraldson, Jr. (0937649)
              Bradley L. Cohn (6224692)
              311 South Wacker Drive, Suite 5000
              Chicago, Illinois  60606
              (312) 554-8000

          Attorneys for Defendant,
          Church & Dwight Co., Inc.