**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

World Wide Sales, Inc.

                        Plaintiff,

       v.

Church & Dwight Co., Inc.

                       Defendant.

Civil Action No. 08 C 1198

Judge:  Kennelly

Jury Trial Demanded

## PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER

Not surprisingly, Defendant seeks to transfer this case to a venue that would prolong the trial time, inconvenience World Wide Sales, Inc. ("WWS"), and potentially provide a home-court advantage to Defendant. However, Defendant misleads the Court in its representation of the relevant facts and case law that should control such a decision. Upon consideration of the proper facts and the controlling case law, this Court should find that transfer to the District of New Jersey is inappropriate.

### I.      BACKGROUND AND RELEVANT FACTS

This matter relates to Defendant's blatant infringement of WWS' federally registered trademark. WWS has been actively engaged in marketing and selling odor neutralizing products bearing the mark Forever Fresh for the Fridge for nearly six years. Even before it launched its product, WWS expended substantial time and resources to come up with a product that was far superior to the Defendant's baking soda-based product, providing significant advantages over the Defendant's products. WWS has gone to great lengths to

1

distinguish itself from baking soda products, and purposefully selected a trademark that distinguished WWS from all of Defendant's products.

Meanwhile, on January 5, 2006, years after WWS had established and registered its mark, Defendant filed a trademark application for the mark Fridge Fresh. On information and belief, during pendency of the Defendant's mark, Defendant was aware of the WWS mark yet purposefully withheld knowledge of the WWS mark from the United States Patent and Trademark Office.

Once WWS learned of Defendant's infringing activities in approximately November 2006, it notified Defendant. Nonetheless, Defendant ignored WWS' request that Defendant stop using the mark. Furthermore, Defendant still neglected to inform the USPTO that its pending trademark application had been accused of being substantially similar to another registrant's mark.

This action follows Defendant's deliberate conduct, and blatant refusal to acknowledge WWS' rights.

## II.    ARGUMENT

28 U.S.C. §1404 sets forth when a district court may transfer a case:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). As this Court recently noted, transfer is proper under this section if: "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice." *Mitchell v. First Northern Credit Union*, No. 07 C 1891, 2007 U.S. Dist. LEXIS 74921 at *4 (N.D. Ill. October 4, 2007).

Importantly, "In a motion to transfer venue, the moving party bears the burden of establishing that the transferee forum is 'clearly more convenient.'" *Trouve Enterprises v. Newell Rubbermaid, Inc. et al.*, No. 3:07-cv-0601-bbc, 2008 U.S. Dist. LEXIS 7827, at *1 (W.D. Wis. Feb. 1, 2008), *citing Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). For the reasons set forth below, Defendant has not met its burden and cannot show that the District of New Jersey is "clearly more convenient."

A.    **Venue Is Proper in Either Court, Therefore Transfer Is Not Favored**

Both parties agree that venue could be proper in either the N.D. Illinois or the District of New Jersey. However, this does not weigh in favor of transfer. Rather, unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should not be disturbed.

WWS' decision to bring a trademark infringement action in this venue is entitled to substantial deference. Indeed, this court opined just months ago that "a plaintiff's choice of forum is given *substantial* weight." *Mitchell* 2007 U.S. Dist. LEXIS 74921 at *7 (emphasis added). Furthermore, although "it is not the only factor a court must consider … Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum *should rarely be disturbed*." *Id.* (emphasis added) (citing *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) and *Zelinski v. Columbia 300, Inc.*, 335 F.3d 663, 643 (7th Cir. 2003)). Accordingly, the Defendant's assertions that WWS' choice of forum is "entitled to little or no deference"[1] are unfounded.

In contrast to the Defendant's assertions, black letter law suggests that WWS' choice of forum should not be disturbed. Even in a light most favorable to Defendant, the venue prong

---

[1] Defendant's Memorandum, p. 4.

of the test is indeterminate. Accordingly, transfer should not be granted even though venue is proper in both courts.

**B.    Transfer is Not Clearly More Convenient to the Relevant Parties and Witnesses**

Defendant asserts (incorrectly) that transfer to the District of New Jersey would be more convenient[2] for the parties and witnesses. While Plaintiff acknowledges that transfer may be more convenient for Defendant, it is not more convenient for WWS; and it is certainly not "clearly more convenient," as the standard dictates. Moreover, Defendant has failed to provide the detailed information required in order to support its assertion that this factor weighs in its favor. Accordingly, transfer cannot be "clearly more convenient."

**i.    The Situs of Material Events Does Not Favor Transfer**

Consideration of the material events does not weigh in favor of transfer. This court recently noted in another intellectual property case, "venue is proper in the judicial district: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business." *Mitchell* 2007 U.S. Dist. LEXIS 74921 at *8. Defendant has offered for sale and sold the Accused Product in this district. Declaration of Haigh, ¶¶2-3. On information and belief, Defendant has sold the Accused Product in a number of other judicial districts, as well. At best, this prong of the test is indeterminate. Accordingly, the situs of material events does not weigh in favor of transfer.

---

[2] Notably, the requisite standard is "clearly more convenient," rather than merely convenient, as Defendant suggests. *See S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC,* 2005 WL 1838512 at *2 (N.D. Ill. July 28, 2005, Hon. Kennelly), *citing Coffey v. Van Dorn Iron Works,* 796 F.2d at 220.

### ii.   The Location of Relevant Proof Does Not Favor Transfer

For similar reasons, the location of relevant proof does not weigh in favor of transfer. In trademark infringement, the most important analysis is whether the Accused Product infringes the trademark. WWS has already purchased the Accused Product in this district and has attached an example of the Accused Product hereto. An infringement analysis requires little more than comparing the Accused Product to the registered trademark.

Even if Defendant could somehow show that documents at its headquarters can affect an infringement analysis – which it has not – it is still not a sufficient reason to transfer. As Hon. Kennelly has opined, "The location of a party's documents and records is 'usually not a very persuasive reason to transfer a case.'" *S.C. Johnson & Son,* 2005 WL 1838512 at *2. Accordingly, this prong also weighs against transfer to the District of New Jersey.

### iii.   Location of Witnesses Does Not Favor Transfer

The Defendant further asserts that the location of key witnesses weighs in favor of transfer to the District of New Jersey. This assertion is also unfounded.

> Defendants argue that transfer is appropriate because many of their important documents and employee witnesses are located [outside of this district]. However, the traditional concerns related to ease of access to sources of proof and the cost of obtaining attendance of witnesses have been diminished by technological advancements. The ease with which documents and data may be transported causes the location of sources of proof to be a neutral factor in this case.
>
> Further, the location of Defendant's employee witnesses is not an important factor because of the assumption that "witnesses within the control of the party calling them, such as employees, will appear voluntarily."

*Trouve Enterprises*, 2008 U.S. Dist. LEXIS 7827, at *6. Hon. Kennelly has ruled similarly.

> [T]he convenience of witnesses *who are employees of a party to the case* is generally assigned little weight, as it is assumed the party will ensure their appearance at trial.

*S.C. Johnson & Son*, 2005 WL 1838512 at *2 (citations omitted) (emphasis added).

Defendant misplaces its reliance on at least five of its own employees as a reason for transfer.[3] This is simply unpersuasive. Moreover, Defendant fails to provide any supportive evidence of the testimony or materiality of the alleged third-party witnesses that it plans to call. In supporting a motion to transfer, the defendant is obligated

> to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included. [The defendant] supplied nothing in the way of affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony.

*Heller Financial, Inc. v. Midwhey Powder Co., Inc. et al.,* 883 F.2d 1286, 1293-94 (7th Cir. 1989).

Because Defendant provided only a vague assertion that it plans to call third-party witnesses, and nothing supporting why any such witnesses may be *material* to a trademark infringement case, the Defendant has failed to adequately support its assertion that certain key witnesses will be needed for material testimony. For all of these reasons, this Court should find that transfer would not be convenient for the parties and witnesses.

**C.      Transfer is Not in the Interest of Justice**

Finally, in contrast to Defendant's assertions, transfer of this case to the District of New Jersey will not be in the interest of justice because it will significantly delay resolution of this matter and further affect WWS' ability to distinguish its superior product from that of Defendant's.

> The "interest[s] of justice" include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case.

---

[3] *See* Declaration of Bryan Harpine, ¶¶ 1, 7.

*Id., citing Coffey v. Van Dorn Iron Works*, 796 F.2d at 221. This district has significantly smaller median timeframes from filing to disposition and from filing to trial than that of the District of New Jersey. Accordingly for this additional reason, transfer should not be granted.

Courts have repeatedly recognized that swift case resolution can greatly affect intellectual property litigation. Moreover, when a plaintiff's choice of venue is based in part on swift resolution, even more deference should be given to plaintiff's choice. *See, for example, Trouve Enterprises*, 2008 U.S. Dist. LEXIS 7827, at *8-9 (finding that a difference of five months in median time from filing to disposition was significant and weighed against transfer).

As Defendant points out, in 2007, the Northern District of Illinois had a median time from filing to disposition of 6.2 months, compared to 7.6 months for the District of New Jersey.[4] Although not significant, a delay of more than a month is still noteworthy (and still equates to a 22% difference).

However, the Defendant ignores that during the same period, the New Jersey court's median time to trial trailed that of the Northern District of Illinois by more than six months.[5] Because Plaintiff would be prejudiced by a transfer to the District of New Jersey and disposition of this case could be significantly longer, it is in the interest of justice to maintain the present action in this district.

## III.    CONCLUSION

For the foregoing reasons, the Defendant's Motion to Transfer should be denied.

---

[4] *See* Federal Court Management Statistics, www.uscourts.gov/cgi-bin/cmsd2007.pl
[5] The median time to trial for NDIL was 29.4 months, while the median time to trial for DNJ was 36 months. *See* Federal Court Management Statistics, www.uscourts.gov/cgi-bin/cmsd2007.pl

Respectfully submitted,

/s/ Christopher E. Haigh

Date: <u>April 29, 2008</u>                Christopher E. Haigh
IPADVISORS, INC.
2038 N. Clark, #105
Chicago, Illinois  60614
(312) 242-1685
(312) 277-9002  Facsimile

/s/ Geoffrey A. Baker

Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

Attorneys for Plaintiff World Wide Sales, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 29, 2008 the PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER was filed via the Court's ECF system, which in turn served the following counsel for Defendant:

Raymond I. Geraldson, Jr.
Bradley L. Cohn (blc@pattishall.com)
PATTHISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
311 S. Wacker Drive, Ste. 5000
Chicago, IL 60606