IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **World Wide Sales, Inc.** ) | | |
| a Michigan Corporation, ) | | |
| ) | **Case No. 08C 1198** | |
| Plaintiff, ) | | |
| v. ) | **Hon. Judge Kennelly** | |
| ) | **Magistrate Judge Brown** | |
| **Church & Dwight Co., Inc.** ) | | |
| a New Jersey Corporation, ) | | |
| ) | | |
| Defendant. ) | | |

### DEFENDANT'S REPLY MEMORANDUM
### IN SUPPORT OF MOTION TO TRANSFER VENUE

**I.      INTRODUCTION**

In its opening brief, defendant, Church & Dwight Co., Inc. ("Church & Dwight"), explained why this District was neither convenient nor appropriate for a lawsuit between companies located in Michigan and New Jersey. In its response, plaintiff, World Wide Sales, Inc. ("WWS"), fails to identify a single witness, document, or material event located here. Instead, WWS claims its choice of forum should be given "substantial weight," tries to discount the fact that identified key witnesses and documents are in New Jersey, and, having delayed fifteen months in filing this lawsuit, now asserts a sudden interest in "swift case resolution."

As discussed below, this District has no material connection either to the parties or the central activities that gave rise to this lawsuit. Accordingly, for the convenience of the parties and witnesses, the Court should transfer this case to New Jersey.

-1-

## II. ANALYSIS

### A. This Case Should be Transferred to the District of New Jersey.

WWS is based in Michigan, and Church & Dwight is based in New Jersey. All of the material events relevant to WWS's claims and Church & Dwight's defenses occurred outside this District, and primarily in New Jersey. Indeed, in its response WWS provides no explanation as to why it brought the lawsuit in this District. Moreover, the reasons WWS offers for maintaining the lawsuit here are inadequate as a matter of fact and law.

#### 1. Venue is proper in New Jersey.

WWS acknowledges that venue is proper in New Jersey. As this prong of the transfer test is satisfied, transfer is appropriate where, as here, transfer would serve both the convenience of the parties and witnesses and the interests of justice.

#### 2. Transfer is convenient for the parties and witnesses.

WWS argues that the controlling standard for the venue transfer test is that the transferee forum must be "clearly more convenient" than the transferor forum, rather than simply "more convenient." (WWS's Brief, p. 4). Notably, however, the relevant federal statute and many Northern District of Illinois decisions do not impose a standard higher than simply the greater convenience of the parties and witnesses. *See, e.g., Mitchell v. First Northern Credit Union,* Case No. 07 C 1891, 2007 U.S. Dist. LEXIS 74921, at *5 (N.D. Ill. Oct. 4, 2007) ("The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum.").

Regardless of which standard is applied, transfer is warranted in this case because the facts demonstrate that transfer is not only "more convenient" but also "clearly more convenient."

        **a)    WWS's choice of forum is entitled to little or no deference.**

As Church & Dwight noted in its opening brief, plaintiff's choice of forum is entitled to little or no deference when plaintiff files the case in a forum where neither party resides. WWS does not attempt to distinguish the precedents cited by Church & Dwight on this point. Instead, WWS claims that its choice of forum should be granted "substantial" deference. Even cases cited by WWS in its brief, however, support Church & Dwight's position. *See S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC,* No. 05 C 1046, 2005 WL 1838512, at *2 (N.D. Ill. July 28, 2005) ("[N]o extra weight is given to this factor if, as in the present case, the plaintiff does not reside in the forum it selected"); *Mitchell*, 2007 U.S. Dist. LEXIS 74921, at *7-8 ("[a] plaintiff's choice of forum is usually not the determinative factor"). Similarly here, as this District is not home to either party, plaintiff's choice of forum should be given little to no weight.

        **b)    New Jersey is the situs of the material events.**

As Church & Dwight stated in its opening brief, the situs of material events in this case is in the District of New Jersey. Indeed, this Court's decision in the *S.C. Johnson* case cited in WWS's brief supports this position. *See S.C. Johnson & Son, Inc.*, 2005 WL 1838512, at *2 (focus in venue transfer motions in infringement cases is "'on the activities of the alleged infringer, its employees, and its documents; therefore the location of the infringer's place of business is often the critical and controlling consideration.'"), *quoting H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997).

In an attempt to establish a connection with this District, WWS points out that Church & Dwight's allegedly infringing product is sold here. (WWS's Brief, p. 4). This fact, though true, does not alter the analysis. First, WWS is confusing propriety of venue with the "situs of material events" factor. As noted in its opening brief, Church & Dwight does not dispute that venue is proper in this District; the question on this motion, however, is whether

New Jersey is the convenient forum for this case. The fact that Church & Dwight's product is sold here does not mean that this forum is convenient. Second, Church & Dwight's products are sold nationwide. Thus, WWS's purchase here of Church & Dwight's product is not relevant on the issue of the situs of material events. *See S.C. Johnson & Son, Inc.*, 2005 WL 1838512, at *3 (the fact that the defendant's allegedly infringing product was sold nationwide "does not favor keeping the case in this District").

          c)     **New Jersey provides relative ease of access to sources of proof.**

In its opening brief, Church & Dwight demonstrated that documents relevant to the central issues of this case are located in New Jersey. Rather than offering its own evidence as to the location of relevant documents, WWS simply asserts that the location of Church & Dwight's documents is not a sufficient reason to transfer the case. Even accepting that the location of relevant documents is not, by itself, reason to transfer this case, this factor, along with others, favors transfer. *See Mitchell*, 2007 U.S. Dist. LEXIS 74921, at *8-9 (finding that relative ease of access to sources of proof favored transfer from Chicago to Arizona because "evidence necessary to the prosecution of [plaintiff's] claim is located in Arizona" and "[a]ll of [defendant's] documents used in its marketing and sales offerings are located in Arizona").

          d)     **New Jersey is more convenient for witnesses.**

The only evidence regarding key party and third-party witnesses is that they are located in New Jersey. WWS asserts, erroneously, that Church & Dwight failed to provide sufficient information as to the relevance of the third-party witnesses. To the contrary, Church & Dwight submitted a declaration that identifies three non-party witnesses, all of whom are located in New Jersey. This declaration detailed the responsibilities of each individual witness as they related to the FRIDGE FRESH mark and/or product, and identified Ferrara & Co. Advertising and Marketing as the company that prepares advertising for the FRIDGE FRESH

-4-

brand.  Further, each of the three third-party witnesses is outside of this Court's subpoena power, but subject to the subpoena power of the Court in New Jersey.

By contrast, WWS does not identify a single party witness or third-party witness located in this District.  This factor favors transfer.  *See, e.g., Mitchell*, 2007 U.S. Dist. LEXIS 74921, at *9-10 (finding this factor favors transfer to Arizona, where Arizona court could compel non-party witnesses with greater ease than Northern District of Illinois, and where "' the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis'"), *quoting Murphy v. Avon Prods., Inc.*, 88 F. Supp. 2d 851, 853 (N.D. Ill. 1999).[1]

### e)    New Jersey is more convenient for the parties.

In its brief, WWS does not address this factor, or even attempt to distinguish the precedents cited by Church & Dwight.  In fact, this Court's decision cited in WWS's brief supports Church & Dwight's position that New Jersey is the more convenient forum for the parties.  *See S.C. Johnson & Son, Inc.*, 2005 WL 1838512, at *4 (granting motion to transfer venue in trademark infringement case where plaintiff had not brought suit in its home district, and noting that "[t]ransfer to North Carolina would enable at least one of the parties to litigate in its home forum, making it more than just a mere shift in inconvenience").

Neither plaintiff nor defendant in the present case is incorporated in Illinois, or has a place of business in Illinois.  Thus, both parties would be required to bear unnecessary expense if this case were to remain in the Northern District of Illinois.

---

[1] WWS' reliance on *Trouve* is misplaced.  In that case, party witnesses were found in several different states, only one third-party witness was located in the proposed transferee forum, and that third-party witness's testimony was limited in relevance.  *See Trouve Enters.*, 2008 U.S. Dist. LEXIS 7827, at *7-8.

      3.    <u>Public interest favors transfer to New Jersey.</u>

            **a)    New Jersey has a relationship to the litigation and an interest in its resolution.**

In its opening brief, Church & Dwight explained why New Jersey has an interest in this litigation, and that this factor favors transfer. WWS does not contest this point.

            **b)    New Jersey courts are familiar with trademark cases.**

WWS does not dispute that New Jersey courts will be familiar with the law applicable to this case.

            **c)    Both districts have comparable times from filing to disposition.**

WWS claims that it is concerned about "delay" in resolution of this case and opposes transfer based on minor differences in time-to-trial periods between New Jersey and the Northern District of Illinois. (WWS's Brief, pp. 6-7). Both arguments are specious.

First, WWS sent Church & Dwight its cease-and-desist letter in November 2006. Church & Dwight responded two weeks later, rejecting WWS's demand. WWS took no action at all for the next fifteen months, until it filed this case in February 2008. Having sat on its rights for over a year, WWS should not be heard to complain that it is entitled to "swift case resolution."[2]

Second, the vast majority of civil cases never go to trial. Indeed, Federal Court Management Statistics reveal that, in 2007, the average District Court Judge had 479 pending cases but only 20 trials. Thus, the more relevant time frame is not from filing to trial, but from filing to disposition. In this regard, the difference between the transferor and transferee courts is only 1 1/2 months, or about 6 weeks. Thus, this factor is essentially neutral in the analysis.

---

[2] This case is distinguishable from *Trouve Enters.*, 2008 U.S. Dist. LEXIS 7827, at *8-9, cited by WWS, where there was no apparent defense of laches and the patent at issue was set to expire in less than two years.

**B.**     **Transfer to the Court in Trenton, New Jersey, is Appropriate.**

As Church & Dwight noted in its opening brief, given the Trenton Court's proximity to Defendant's headquarters in Princeton, New Jersey, transfer to the United States District Court for the District of New Jersey in Trenton is appropriate.

**IV.**    **CONCLUSION**

For the reasons set forth above, the Court should transfer this case to the United States District Court for the District of New Jersey in Trenton, New Jersey.


DATED: May 6, 2008                                  PATTISHALL, McAULIFFE, NEWBURY,
                                                                           HILLIARD & GERALDSON LLP

                                                                By:     ___/Bradley L. Cohn/_____
                                                                          Raymond I. Geraldson, Jr. (0937649)
                                                                          Bradley L. Cohn (6224692)
                                                                          Rebecca R. H. Burch (6292477)
                                                                          311 South Wacker Drive, Suite 5000
                                                                          Chicago, Illinois  60606
                                                                          (312) 554-8000

                                                                Attorneys for Defendant,
                                                                Church & Dwight Co., Inc.

-8-

## CERTIFICATE OF SERVICE

I, Bradley L. Cohn, hereby certify that a true copy of **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE** was served via the Court's ECF system this 6th day of May, 2008 upon the following:

>Christopher E. Haigh (chris@ipadvisors.biz)
>IPADVISORS, INC.
>2038 N. Clark, #105
>Chicago, Illinois 60614
>
>Geoffrey A. Baker (gabaker@dowellbaker.com)
>DOWELL BAKER, P.C.
>229 Randolph Street
>Oak Park, IL 60302

　　　　　　　/Bradley L. Cohn/